IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3015 |
| vs. | MEMORANDUM AND ORDER |
| STEVEN G. PETERSON, | |
| Defendant. | |

This matter is before the Court on the defendant's *pro se* motion for compassionate release (filing 104) pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court will deny the defendant's motion.

Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.[1]

---

[1] Section 1B1.13 has not been amended in response to the statutory changes wrought by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018), and so no longer remains "applicable" guidance for the current version of § 3582(c)(1)(A)(i), but the Court may consider the criteria set forth in § 1B1.13 to the extent they remain helpful and relevant. *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

The defendant's *pro se* motion is based on the risk of COVID-19. *See* filing 104. And he has a complicated health history that may present an additional risk of severe COVID-19 disease. But the defendant has been vaccinated for COVID-19—that is, he received his second dose of the Pfizer-BioNTech COVID-19 vaccine on January 6, 2021, meaning that he was fully vaccinated as of January 20, 2021. *See When You've Been Fully Vaccinated: How to Protect Yourself and Others*, Centers for Disease Control and Prevention, https://bit.ly/2PJjMUe (updated Apr. 2, 2021). Of course, no vaccine is perfect, and there remains a possible risk of contracting COVID-19. But the evidence suggests the defendant is far less likely to be at risk of COVID-19 than other people, despite his other medical conditions.

In addition, even if the risk to the defendant was more than hypothetical, the § 3553(a) factors weigh against relief. The defendant was sentenced on June 12, 2020 to a term of 90 months imprisonment for receipt of child pornography, to be served concurrently with a separately imposed sentence of 37 months imprisonment for distributing methamphetamine. *See* filing 69; filing 101. Because he needed medical care, he was permitted to self-surrender to the Bureau of Prisons on September 30, 2020. *See* filing 101.

The defendant has served only a fraction of either sentence. In fact, he reported to the Bureau of Prisons on September 30—several months after the COVID-19 pandemic began—and only 5 months later filed a *pro se* motion to be released from prison due to that pandemic. And while his *pro se* motion said that he couldn't socially distance or practice "any other means of keeping myself safe," he failed to mention that by that time, he'd already been vaccinated. The Court is not persuaded that reducing his sentence at this point would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal

conduct, or protect the public. *See* § 3553(a). Accordingly,

> IT IS ORDERED that the defendant's motion for compassionate release (filing 104) is denied.

Dated this 7th day of April, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge
