IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3015 |
| vs. | |
| STEVEN G. PETERSON, | ORDER |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 115) filed by the defendant, Steven G. Peterson. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be

summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

But the initial question is whether the defendant's motion was timely filed.[1] A § 2255 motion must be filed within 1 year from the latest of

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Judgment was entered in this case on June 12, 2020, *see* filing 101, and became final when the time for taking an appeal ran: far more than one

---

[1] The Court is permitted, but not required, to *sua sponte* consider the timeliness of a § 2255 petition. See *Day v. McDonough*, 547 U.S. 198, 209 (2006). The Court elects to do so here.

year before his November 3, 2022 motion, *see* filing 115.[2] And none of the other provisions for accrual, set forth in § 2255(f)(2)-(4), can be found here.

Before dismissing a petition, however, the Court must afford the parties fair notice and an opportunity to be heard. *Day*, 547 U.S. at 211. Accordingly, the Court will direct the defendant to show cause why his motion should not be dismissed as untimely.

IT IS ORDERED:

1. The defendant is ordered to show cause, on or before December 5, 2022, why his § 2255 motion (filing 115) should not be dismissed as untimely.

2. Absent a response, the Court will enter judgment without further notice.

3. The Clerk of the Court is directed to enter a show cause deadline of December 5, 2022.

Dated this 3rd day of November, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[2] The Court notes that the motion itself was dated October 30, and was certainly postmarked before November 3. But the defendant has not met the procedural requisites of the prison mailbox rule. *See* Fed. R. App. P. 4(c)(1). And the defendant's motion is too untimely for those few days to make a meaningful difference.