IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3015 |
| vs. | |
| STEVEN G. PETERSON, | ORDER |
| Defendant. | |

The defendant has filed a notice of appeal "from the construed dismissal from the district court non-action as of February 10, 2023." Filing 121. The defendant is presumably referring to the Court's failure to immediately rule on his motions to vacate or set aside his sentence (filing 115) and to modify his supervised release conditions (filing 118).

The defendant's motion to vacate was filed in November 2022. Filing 115. Because it relied at least in part on 28 U.S.C. § 2255, *see* filing 115 at 1, the Court entered an order to show cause why it was not untimely. Filing 116. The defendant responded to that order later in November. Filing 117. His motion to modify his supervised release conditions followed in January 2023. Filing 118. The government responded to both motions on January 25, 2023. Filing 119; filing 120. Both motions are now submitted, and both remain pending.

The defendant, apparently impatient with the Court's failure to grant his motions, has appealed. Filing 121. His theory, although not articulated, seems to be that the Court impliedly denied his motions by failing to immediately rule on them. There's no support for that theory in this context. *See* 28 U.S.C. §§ 1291 & 1292(a); *cf. Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106-07 (2009). Denial of a pending motion can sometimes be implied from the entry of final judgment or any order inconsistent with the granting of the motion, *Toronto-Dominion Bank v. Cent. Nat. Bank & Tr. Co.*, 753 F.2d 66, 68

(8th Cir. 1985), but no such action has been taken here.[1] There is no appealable order in this case permitting the defendant to pursue an appeal.

The defendant has not paid the appellate filing fee, presumably relying on Fed. R. App. P. 24(a)(3), which provides that a party "who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization. . . ." *See* filing 41. But 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also* Rule 24(a)(3)(A).

An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958). An indigent appellant should be allowed to proceed in forma pauperis *unless* the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. *Coppedge*, 369 U.S. at 447; *Ellis*, 356 U.S. at 675. An appeal is frivolous where none of the legal points are arguable on their merits—when the result is obvious or the appellant's argument is wholly without merit. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme cases, it's proper when a party attempts to appeal from an order that's clearly not appealable. *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978-79 (8th Cir. 1964).

Because there's *no* appealable order in this case, the defendant's appeal is frivolous and not taken in good faith. The remaining question is how the Court should proceed. Generally, when a notice of appeal is filed,

---

[1] The defendant's projected release date is January 2, 2027, and both of his motions relate exclusively to the term of supervised release he's to begin serving after his release. *See* filing 115; filing 118. It's fair to say these weren't emergency motions.

the district court is divested of jurisdiction over matters on appeal. For example, while an appeal is pending, the district court may not reexamine or supplement the order being appealed. This jurisdictional principle is not absolute. To prevent parties from using frivolous appeals to delay or interrupt proceedings in the district court, that court does not normally lose jurisdiction to proceed with the case when one party appeals a non-appealable order. However, appellate jurisdiction is primarily an issue for the appellate court. Therefore, if an appeal is taken from an interlocutory order and the issue of appealability is in doubt, the district court should stay its hand until we resolve the issue of our jurisdiction, or remand for further clarification of that issue.

*State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106-07 (8th Cir. 1999) (citations omitted). Here, the Court is confident with respect to the jurisdictional issue—but also sees no pressing reason to forge ahead with the defendant's motions while he is seeking to take those motions to another court. Accordingly, the Court will stay its consideration of the defendant's motions until it receives the Eighth Circuit's mandate indicating its disposition of the defendant's appeal.

IT IS ORDERED:

1.   The defendant's pending motions (filing 115; filing 118) are stayed pending the Eighth Circuit's disposition of his appeal.

2.   The defendant's appeal is not taken in good faith and his appeal may not be taken in forma pauperis.

3.   The Clerk of the Court shall provide the Clerk of the U.S. Court of Appeals for the Eighth Circuit with a copy of this order and follow its normal practice in cases such as this one.

Dated this 22nd day of February, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge