IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3015 |
| vs. | ORDER |
| STEVEN G. PETERSON, | |
| Defendant. | |

The defendant was sentenced to two terms of supervised release, of 3 and 5 years, to be served concurrently. *See* filing 69; filing 101. The defendant has filed a pair of motions to modify the conditions of his supervised release, which has now commenced. Filing 115; filing 118; *see also* filing 129. The Court will deny those motions.

The first motion the defendant filed was captioned "Motion to Vacate or Set Aside a Sentence Declaring Supervised Release Unconstitutional Pursuant to 28§2255 / 18§3583(e)(2)." Filing 115 at 1. In that motion, he alleged that the term of supervised release—which he erroneously said was 10 years, *see* filing 115 at 1—was unlawful because it exceeded the statutory maximum and because it violated the Double Jeopardy Clause. *See* filing 115.

Because the motion referred to 28 U.S.C. § 2255 in the caption and alleged that the judgment was unlawful, but was filed more than two years after the entry of judgment, the Court ordered the defendant to show cause why his motion shouldn't be dismissed as untimely. Filing 116 (citing § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209 (2006)). In response, the defendant insisted that he was proceeding under § 3583(e)(2) and Fed. R. Crim. P. 32.1(c), not § 2255. Filing 117.

After that, the defendant filed another motion to modify the conditions of his supervised release, relying solely on § 3583(e)(2) and Rule 32.1(c). Filing 118. He again asserted that it violated the Double Jeopardy Clause to place him on supervised release. *See* filing 118.

But the Court will deny his motions, for two reasons. The first is that courts have consistently held § 3583(e)(2)[1] cannot be used to collaterally attack the legality or constitutionality of supervised release conditions—rather, such issues are reserved for direct appeal or a motion to vacate pursuant to § 2255. *See United States v. Cordero*, 7 F.4th 1058, 1070 (11th Cir. 2021); *United States v. McLeod*, 972 F.3d 637, 644 (4th Cir. 2020); *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002); *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999); *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997); *United States v. Shipley*, 825 F. Supp. 2d 984, 988 (S.D. Iowa 2011); *see also United States v. Thomas*, No. 22-1149, 2023 WL 1872585, at *4 (10th Cir. Feb. 10, 2023); *United States v. Romig*, No. 00-CR-355, 2014 WL 1048390, at *2 (D. Minn. Mar. 18, 2014), *aff'd* No. 14-2355 (8th Cir. Sept. 19, 2014); *cf. United States v. Still*, 275 F. App'x 561 (8th Cir. 2008) (citing *Hatten*, 167 F.3d at 886)). *But see United States v. Neal*, 810 F.3d 512, 520 (7th Cir. 2016).

While the defendant's first motion mentioned § 2255, he disclaimed reliance on it, *see* filing 117, and the Court will take him at his word. (Not to mention that a § 2255 motion would have been untimely for the reasons explained in filing 116.) But his claim is premised exclusively on arguments that the conditions imposed—indeed, the *terms* imposed—were unlawful at the time of sentencing. As such, they are collateral attacks that can't be brought pursuant to § 3583(e)(2).

---

[1] Rule 32.1(c) establishes procedures for modifying conditions of supervised release, but the legal authority to do so is found in § 3583(e)(2).

That said, the defendant is also wrong on the merits. The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "This protection applies both to successive punishments and to successive prosecutions for the same criminal offense." *United States v. Dixon,* 509 U.S. 688, 696 (1993). The Double Jeopardy Clause "ensures that the total punishment a defendant has received does not exceed that authorized by the legislature." *Velez v. Clarinda Corr. Facility*, 791 F.3d 831, 834 (8th Cir. 2015). The federal supervised release program has survived several attacks on the program's constitutionality. *See, e.g., United States v. Wilson*, 939 F.3d 929, 931-32 (8th Cir. 2019); *United States v. Trung Dang*, 907 F.3d 561, 567 (8th Cir. 2018); *United States v. Bennett,* 561 F.3d 799, 802-03 (8th Cir. 2009).

A court "may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." § 3583(a). To the defendant's first argument—that supervised release constitutes an unconstitutional additional penalty, filing 118 at 3—the statute indicates that the term of supervised release is "part of the sentence" for a convicted defendant's criminal wrongdoing. Nothing in the Constitution *requires* that crime be punished by incarceration, and nothing in the Constitution prohibits Congress from imposing multiple types of punishment for the same offense. *See Velez*, 791 F.3d at 834. Congress has expressly authorized courts to impose a term of supervised release in addition to a term of incarceration as part of the same punishment for a crime.

Even revocation of supervised release "is a penalty attributable to the original conviction, not a new punishment." *Bennett*, 561 F.3d at 802 (citing *Johnson,* 529 U.S. at 700-01); *see also United States v. Wilson*, 939 F.3d 929, 932 (8th Cir. 2019). And a "hearing to determine whether supervised release

should be revoked . . . is not a criminal prosecution," and presents no double jeopardy concerns. *Id.* Nor does any combination of the terms of imprisonment and supervised release imposed on the defendant—even considering the possibility of revoking his supervised release—exceed the 20-year statutory maximum imprisonment on the count for which he's serving a 5-year term of supervised release. *See* filing 98 at 21 (citing 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)); *see also Wilson*, 939 F.3d at 933. Accordingly,

IT IS ORDERED:

1.  The defendant's "Motion to Vacate or Set Aside a Sentence Declaring Supervised Release Unconstitutional Pursuant to 28§2255 / 18§3583(e)(2)" (filing 115) is denied.

2.  The defendant's "Motion To Modify Or Reduce Supervised Release Conditions As Being Unconstitutional As-Applied Pursuant To 18§3583(e)(2) and Fed.R.Crim.P.32.l(c)" (filing 118) is denied.

3.  The Clerk of the Court is directed to close case no. 4:22-CV-3240.

Dated this 20th day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge
